# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC FLORES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:15-CV-3669-RWS |
| UNITED STATES ATTORNEY | : |
| GENERAL and FEDERAL | : |
| BUREAU OF INVESTIGATION, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

On October 20, 2015, Magistrate Judge J. Clay Fuller entered an Order [2] permitting Plaintiff to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination.

As an initial matter, the Court notes that while its frivolity determination would normally focus exclusively on Plaintiff's Complaint [3], Plaintiff has also filed a Petition to Challenge the Constitutionality of the First Amendment ("Petition") [4]. It is unclear how Plaintiff's Petition fits with his Complaint, but in light of Plaintiff's *pro se* status, the Court has reviewed both documents and will construe the allegations in the Petition as if they were contained within

AO 72A
(Rev.8/82)

the Complaint.

## Background

In his Petition, Plaintiff seeks certification of a class action, describing the class as "a protected class of [M]exican [A]merican citizens of the United States." He seeks "relief from imminent danger such as death" on their behalf. (Petition, Dkt. [4] at 2.) He also identifies seventeen individuals, some deceased, who he claims are members of this protected class. (Id. at 2-3.)

Throughout both his Petition and Complaint, Plaintiff alleges that a group of federal employees used advanced satellite technology to "profoundly disrupt the personality and senses of private members of the public," causing them to commit acts against their will or to experience severe suffering. (Compl., Dkt. [3] at 3; Petition, Dkt. [4] at 8.) To give just one example, Plaintiff alleges that:

> The organized group of executive employees of the federal government retaliated against the invocation of the petitioners constitutional right by useing [sic] advanced technology with a direct signal to the satelite [sic] in outerspace that has the capability of calculateing [sic] genetic code to cause the petitioners Uncle Jorge Salas severe heart pain for long durations exceeding calendar years inwhich [sic] was equivalent in intensity to cardiac and respatory [sic] failure leading to a heart attack and

2

resulting in the death of the petitioners Uncle Jorge Salas. (Petition, Dkt. [4] at 8.) Plaintiff also alleges that this group of federal employees set up their own court of common law, filed fabricated legal documents on his behalf, and intercepted his outgoing legal mail. (Petition, Dkt. [4] at 7, 9, 10, 17.) Plaintiff seems to contend that the purpose of this conduct was to prevent a judicial investigation into his legal claims, which Plaintiff identifies as a violation of his right to free speech under the First Amendment. (See Compl., Dkt. [3] at 3; Petition, Dkt. [4] at 10.)

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993). "Clearly baseless" claims include those "describing fantastic or delusional scenarios." Neitzke, 490 U.S. at 328.

3

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

There are two reasons that Plaintiff's suit must be dismissed. First, even construing Plaintiff's allegations liberally, the Court concludes that they fail to state a claim for which relief can be granted. Plaintiff offers no arguable legal or factual basis to support any cause of action against Defendants. In fact, his allegations describe the type of fantastic scenarios that the court in Neitzke defined as clearly baseless. 490 U.S. at 398. Thus, they are due to be

4

dismissed under section 1915(e)(2)(B).

Second, a brief search reveals that Plaintiff has filed dozens of substantially similar suits in federal courts throughout the country. Those courts have summarily dismissed Plaintiff's allegations under section 1915(e)(2)(B). See e.g., Flores v. U.S. Attorney Gen., No. 1:14-CV-198, 2015 WL 1088782 (E.D. Tex. Mar. 4, 2015); Flores v. U.S. Attorney Gen., No. 4:15-cv-00048-DMB-JMV, 2015 WL 4250908 (N.D. Miss. July 13, 2015); Flores v. U.S Attorney Gen., No. 3:15-cv-00217-RCJ, 2015 WL 3949090 (D. Nev. June 29, 2015). With such a history, the Court finds that granting Plaintiff leave to amend his Complaint would be unfruitful. Thus, the Court declines to do so.

## Conclusion

Because the Court finds that Plaintiff's allegations fail to state a claim and are clearly baseless, Plaintiff's case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 4th day of February, 2016.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5